Gonzalez-Carias v. Garland

BIA
Straus, IJ
A206 711 528/529

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-one.

PRESENT:
      REENA RAGGI,
      RAYMOND J. LOHIER, JR.,
      STEVEN J. MENASHI,
         *Circuit Judges.*

_____

CLAUDIA LICETH GONZALEZ-CARIAS,
JOXAN ADALI GONZALES-CARIAS
      *Petitioners,*

      v.                19-2798

                             NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONERS:      Glenn L. Formica, FORMICA, P.C., New Haven, CT

FOR RESPONDENT:      Joseph H. Hunt, Assistant Attorney General; Leslie McKay, Margot L.

Carter, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Claudia Liceth Gonzalez-Carias ("Claudia") and Joxan Adali Gonzales-Carias ("Joxan"), natives and citizens of Honduras, seek review of an August 7, 2019 decision of the BIA affirming a January 2, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Claudia Liceth Gonzalez-Carias, Joxan Adali Gonzales-Carias,* No. A 206 711 528/529 (B.I.A. Aug. 7, 2019), *aff'g* No. A 206 711 528/529 (Immig. Ct. Hartford Jan. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the BIA's and IJ's decisions for the "sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562

2

F.3d 510, 513, 516 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to facts *de novo*); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282-83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Joxan alleged that he was persecuted and feared persecution and torture by gangs on account of his membership in a particular social group of youth targeted for gang recruitment. Claudia alleged that the gangs targeted her on account of her membership in a particular social group of Joxan's family. We address only Claudia's family-based claim because Joxan conceded on appeal to the BIA that he had not stated a particular social group. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (generally requiring exhaustion of issues before the BIA).

To obtain asylum or withholding of removal, an applicant must establish past persecution or a fear of future persecution on account of a protected ground. *See* 8 U.S.C.

3

§§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b)(1), (2). The protected ground must be "at least one central reason" for the claimed persecution, and the applicant must provide direct or circumstantial evidence of the persecutor's motives. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also id.* § 1231(b)(3)(A) (withholding); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 346–48 (B.I.A. 2010) (holding that the "one central reason" standard also applies to withholding of removal); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of motive, "direct or circumstantial"). When a social group is based on family ties and "animus against the family per se is not implicated, the question becomes what motive or motives cause the persecutor to seek to harm members of an individual's family." *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (B.I.A. 2017), *overruled in part on other grounds in Matter of L-E-A-*, 27 I. & N. Dec. 581, 596–97 (A.G. 2019). A "nexus [between the alleged harm and a protected ground] is not established simply because a particular social group of family members exists and the family members experience harm." *Id.* "The protected trait, in this case membership in the . . . family, cannot

4

play a minor role — that is, it cannot be incidental [or] tangential . . . to another reason for harm." *Id.* at 44 (internal quotation marks omitted). Rather, there must be some indication "that the persecutors had . . . animus against the family or the [applicant] based on their biological ties, historical status, or other features unique to that family unit." *Id.* at 47.

But substantial evidence supports the agency's finding that Claudia failed to demonstrate the requisite nexus to her particular social group of her family. The gang members threatened to kill Claudia and her family if Joxan did not work for them. Neither Claudia nor Joxan testified that the gang had any motivation other than increasing its ranks. *Elias-Zacarias*, 502 U.S. at 483 (requiring "*some* evidence" of motive "direct or circumstantial"). Harm resulting from general criminal violence is not harm on account of a protected ground. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) ("general crime conditions" and "random violence" cannot support a claim to asylum); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (rejecting claim based on perceived wealth and political opinion where

putative persecutors had no "motive other than increasing their own wealth at the expense of the petitioners." (internal quotation marks omitted)).  Accordingly, because Claudia failed to demonstrate a nexus between the harm she suffered and fears and her membership in her family, the agency did not err in finding that she failed to establish her eligibility for asylum or withholding of removal.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

Claudia and Joxan have abandoned their CAT claim by failing to argue it in their brief.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).  Our review of the record does not reveal a basis to remand the CAT claim. Claudia and Joxan alleged a continuing fear based on the murder of Joxan's cousin and threats against Claudia's daughters.  But their testimony and evidence did not show who killed Joxan's cousin or why, and they provided no corroboration about the threats despite presenting supporting letters from the family members caring for Claudia's daughters.  Applicants cannot meet their burden if they do not provide reasonably available corroboration.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Jian Hu Shao v. Mukasey*, 546

F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, . . . failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [the applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court